101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Aaron BROWN, Defendant-Appellant.
 No. 95-50599.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.*
Decided Nov. 14, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Brown appeals from the judgment and sentence entered upon his plea of guilty to one count of distribution of crack cocaine. His sole ground of appeal is ineffective assistance of counsel in violation of the Sixth Amendment. Brown's argument rests on his trial counsel's failure to file a motion for discovery to support his claim of selective prosecution within the time set by the district court for the filing of motions and on counsel's inadequate preparation and performance at the hearing on the motion to continue the date for filing the motion.
 
 
 4
 Under Strickland v. Washington, 466 U.S. 668, 694 (1984), a defendant making an ineffectiveness claim must show not only deficient performance by counsel but also that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Appellant has failed to make such a showing, nor could he do so. In United States v. Armstrong, 116 S.Ct. 1480 (1996), the Supreme Court held, first, that Rule 16(a)(1)(C) does not authorize discovery for the preparation of selective-prosecution claims and, second, that to obtain such discovery, a defendant must "produce some evidence that similarly situated defendants of other races could have been prosecuted, but were not." Id. at 1485, 1488.
 
 
 5
 Brown made no such showing in the district court, and no claim is made here that he could have done so. Thus, even had the motion for discovery with respect to the selective-prosecution claim been timely filed, or had leave been granted to file it late, and even had the court granted the motion, the effort to obtain discovery would have failed. Although Armstrong had not been decided in the Supreme Court at the time when the motion came before the district court, it was pending on appeal and there is no reason to suppose that while it was pending the government would have produced discovery in Brown's case any more than it did in Armstrong's. In light of the decision in Armstrong, therefore, no reasonable probability exists that the failure of Brown's counsel to do what Brown says he should have done affected the outcome of his case.
 
 
 6
 In light of the foregoing disposition, it is unnecessary to address other issues raised by the parties.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3